UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>Pedro MENDOZA-Vera,<br><br>　　　　　　Defendant | Magistrate Docket No. 07 MJ 2995<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **December 27, 2007** within the Southern District of California, defendant, **Pedro MENDOZA-Vera,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **28**th DAY OF **DECEMBER 2007.**

_____
Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Pedro MENDOZA-Vera

## PROBABLE CAUSE STATEMENT

On December 27, 2007, Senior Patrol Agents B. Dixon, J. Rasmusson, and D. Lamboy were conducting line watch duties east of the Tecate, California Port of Entry. At approximately 12:30 P.M., Agents Dixon, Lamboy, and Rasmusson responded to an activation of a seismic intrusion device approximately six miles east and five miles north of the Tecate, California Port of Entry. In the area of the device, Agents Dixon, Lamboy, and Rasmusson noticed footprints that were leading north. Agents Dixon, Lamboy, and Rasmusson followed the footprints north for approximately thirty minutes until Agent Dixon noticed three individuals attempting to conceal themselves in the brush. Agent Dixon identified himself as a United States Border Patrol Agent and questioned each individual in reference to their citizenship. All three individuals, including one later identified as the defendant **Pedro MENDOZA-Vera**, freely admitted to being citizens and nationals of Mexico, illegally present in the United States. All three individuals also admitted that they did not have any immigration documents that would allow them to enter or remain in the United States legally. All three individuals were arrested and transported to the Tecate, California Processing Center.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to Mexico on **May 18, 1998,** through San Ysidro, California. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted to being a citizen and national of Mexico illegally present in the United States. The defendant also admitted to not having any immigration documents that would allow him to enter or remain in the United States legally. The defendant stated that he entered the United States illegally to find work in Perris, California.